# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **NICOIS M. SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-24-752-R |
| ) | |
| **GRADY COUNTY CRIMINAL JUSTICE** ) | |
| **AUTHORITY, et al.,** ) | |
| ) | |
| **Defendant(s).** ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a convicted federal prisoner awaiting sentencing and appearing *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (Doc. 1). United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 4).

The undersigned Magistrate Judge has reviewed the Complaint pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B). As explained below, it is recommended that the Court **DISMISS** Plaintiff's claims in their entirety. As a result, Plaintiff's pending motions should be **DENIED** as moot.[1]

---

[1] At issue are Plaintiff's motions for discovery (Docs. 7, 8, 9, 12), a motion to compel security footage (Doc. 16), motions seeking a preliminary injunction (Docs. 17, 21), a motion to compel compliance with a subpoena (Doc. 24), and a motion for a discovery conference (Doc. 25).

I.   **Overview of Complaint**

Plaintiff's claims stem from an alleged incident on April 17, 2024, at which time Plaintiff was a federal detainee housed at the Grady County Jail. (Doc. 1, at 3, 7). Plaintiff contends four Native American inmates assaulted and robbed him on the basis of race. (*Id.* at 7).

In Claim One, Plaintiff alleges he has been discriminated against in violation of the Equal Protection Clause. (*Id.* at 5). He also asserts "discrimination of rights to file criminal charges of a actual hate crime, robbery, and aggravated battery." (*Id.*) He alleges he has been "refused the right to file charges for a racial motivated crime." (*Id.* at 7). He seeks compensation for the "intentional emotion stress" and requests to be moved from the Grady County Jail. (*Id.*)

In Claim Two, he claims his "right to public official, obstruction of justice, [and] right to see [his] victimizers in a fair and speedy trial for a crime of robbery and assault caught on camera" were violated. (*Id.* at 7). He asserts that "the security cameras caught the crime and my statement and being confined . . . on segregation after the hate motivated crime that fact of the actual hate crime being reported and robbery being fact." (*Id.* at 8). He seeks to be compensated for his pain and suffering and requests charges be filed against the four inmates who attacked him. (*Id.*)

For both claims, Plaintiff names the Grady County Criminal Justice Authority, Grandy County Board of County Commissioners, and Grady Board of County Commissioners as defendants. (*Id.* at 5, 7).

## II.     The Court's Duty to Screen Prisoner Complaints

Federal law mandates the screening of each complaint in a civil action filed by a prisoner seeking redress from a governmental entity or an officer or employee of a governmental entity and each case in which the plaintiff proceeds *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(e)(2). The court must dismiss a complaint or any portion of it that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id*.

The court's review of a complaint under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii) mirrors that required for reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. The court must accept Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (internal quotation marks and citation omitted). A complaint fails to state such a claim when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted). Bare legal conclusions in a complaint, however, are not assumed to be true; legal conclusions "must be supported by factual allegations" to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"[A] *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (noting that although courts construe *pro se* pleadings liberally, courts "will not supply additional factual allegations to round out a plaintiff's complaint"). Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *see also Gee v. Pacheco*, 627 F.3d 1178, 1184-85 (10th Cir. 2010) (discussing *Iqbal*). "A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. The court, however, may not serve as Plaintiff's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

### III. Plaintiff Failed to State a Claim Because He Did Not Adequately Allege an Official Policy or Custom.

A municipality or a county can be held liable for constitutional violations committed pursuant to official policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."); *Cox v. Glanz*, 800 F.3d 1231, 1254 (10th Cir. 2015) (applying *Monell* to a county). The named defendants in this matter – the Grady County Criminal Justice Authority and the Grady

4

County Board of County Commissioners (which Plaintiff alternatively lists as the "Grady Board of County Commissioners") – are entities subject to municipal liability standards. *See Rife v. Okla. Dep't of Pub. Safety*, 854 F.3d 637, 653 (10th Cir. 2017) (resolving a municipal liability claim against a jail trust); *Perkins v. Grady Cnty. Crim. Just. Auth.*, No. CIV-20-476-D, 2022 WL 18283186, at *3 (W.D. Okla. Dec. 9, 2022) ("A municipality or governmental subdivision such as GCCJA may be held liable for civil rights violations only for its own unconstitutional or illegal policies."), *adopted*, 2023 WL 185105 (W.D. Okla. Jan. 13, 2023); *Snow v. Bd. of Cnty. Comm'rs*, No. CIV-14-911-HE, 2014 WL 7335319, at *2 (W.D. Okla. Dec. 19, 2014) ("A suit brought against a county's board of county commissioners is the way Oklahoma law contemplates suing the county.") (citing Okla. Stat. tit. 19 § 4).

Municipal defendants cannot be held vicariously liable for their employees' alleged constitutional violations under § 1983. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013). Instead, to establish municipal liability under § 1983, Plaintiff must establish three basic elements: (1) Defendants had an official policy or custom; (2) that "was enacted or maintained with deliberate indifference to an almost inevitable" federal rights violation; and (3) that caused a violation of Plaintiff's federal rights. *Id.* at 769-71.

The Tenth Circuit has articulated that a municipal policy or custom may take one of five forms:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to

5

constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions — and the basis for them — of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019) (quoting *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010)).

The Complaint does not contain sufficient facts to allege the existence of an official policy or custom of either Defendant that caused the alleged violation of Plaintiff's rights. Plaintiff does not identify a formal regulation or policy statement attributable to either Defendant. Nor does he contend either Defendant had an informal custom with widespread practice. Plaintiff does not identify any employees of the county or the jail trust in the Complaint, so he did not allege any decision by a final policymaker or the ratification of an action by a final policymaker. Finally, the Complaint does not touch on the training or supervision of the county or jail trust's employees. In short, the Complaint is devoid of any facts suggesting that either Defendant had a policy or custom at all. As a result, the claims against Defendants can be dismissed without prejudice for failure to state a claim. *See Adkins v. Locke*, No. CIV-23-157-J, 2024 WL 3664038, at *2 (W.D. Okla. July 19, 2024), *adopted*, 2024 WL 3656766 (W.D. Okla. Aug. 5, 2024); *Chester v. Parsons*, No. CIV-19-860-G, 2020 WL 1536547, at *2 (W.D. Okla. Jan. 15, 2020), *adopted*, 2020 WL 1528179 (W.D. Okla. Mar. 30, 2020).

**IV.     Recommendation and Notice of Right to Object.**

In accordance with the foregoing analysis, the undersigned recommends that the Court **DISMISS** Plaintiff's claims in their entirety. Further, the Court should **DENY** Plaintiff's pending motions as moot. (Docs. 7, 8, 9, 12, 16, 17, 21, 24, 25).

**The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before November 18, 2024,** under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge unless and until the matter is re-referred.

ENTERED this 28th day of October, 2024.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE