UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NICOIS M. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-752-R |
| | ) | |
| GRADY COUNTY CRIMINAL | ) | |
| JUSTICE AUTHORITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Nicois M. Smith, appearing pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Grady County Criminal Justice Authority and Grady County Board of County Commissioners. The Complaint [Doc. No. 1] asserts a claim for violation of the Equal Protection Clause and a claim for "obstruction of justice" against these Defendants and describes an alleged assault that occurred while he was detained at the Grady County Jail.

The matter was referred to United States Magistrate Judge Amanda Maxfield Green in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). Judge Green issued a Report and Recommendation [Doc. No. 27] recommending that the Complaint be dismissed at screening for failure to state a claim. In her Report, Judge Green explained that the named Defendants are entities subject to municipal liability standards but the Complaint failed to adequately allege that a municipal policy or custom caused a constitutional violation. *See Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1283-84 (10th Cir. 2019) (discussing elements of a municipal liability claim under § 1983).

Plaintiff timely filed an Objection [Doc. No. 28] which requires a de novo review of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). Plaintiff's Objection, although somewhat disjointed, argues that both Defendants maintain policies that are responsible for the alleged assault. The Objection asserts that the underlying incident is evidence of a policy, Defendants turn a blind eye and foster a culture of violence at the facility, Defendants failed to train or supervise jail employees, and administrators were aware of inappropriate conduct by jail employees.

Upon de novo review, the Court agrees that Plaintiff's Complaint fails state a claim against the named Defendants because it does not include any factual allegations plausibly suggesting that a municipal policy or custom caused a violation of his constitutional rights. As for the additional assertions in Plaintiff's Objection, these "new allegations are not determinative of whether Plaintiff adequately stated claims in his Complaint." *Scott v. Hormel*, No. CIV-18-395-SLP, 2019 WL 3935101, at *2 (W.D. Okla. Aug. 20, 2019). In any event, the Objection's statements regarding the existence of municipal policy are largely conclusory or otherwise insufficient to plausibly state a municipal liability claim. *See Coffey v. McKinley Cnty.,* 504 F. App'x 715, 718 (10th Cir. 2012) (explaining that "infliction of injury on the plaintiff is alone insufficient" to impose municipal liability). Plaintiff's Objection offers no argument regarding the sufficiency of the factual allegations in his Complaint nor does it contain any coherent argument regarding the existence of additional facts that could be alleged in support of his claims.

Accordingly, the Report and Recommendation is ADOPTED and this action is dismissed without prejudice to refiling. All pending motions are DENIED as moot.

IT IS SO ORDERED this 20th day of November, 2024.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE